[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12676
Non-Argument Calendar

_____

D.C. Docket No. 0:10-cr-60165-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee

versus

ARRON ADAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 16, 2021)

Before NEWSOM, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Arron Adams, a federal prisoner now proceeding *pro se*, appeals

the district court's order denying his counseled motion for compassionate release

under the First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A). The government,

in turn, moves for summary reversal of the district court's order or, alternatively, for a stay of the briefing schedule, conceding that the district court abused its discretion because it denied Adams's motion without properly considering the 18 U.S.C. § 3553(a) factors, as instructed by this court in *United States v. Cook*, 998 F.3d 1180 (11th Cir. 2021).

## I.

Summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

A determination about a defendant's eligibility for a § 3582(c) sentence reduction is reviewed *de novo*. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021), *petition for cert. filed*, No. 20-1732 (U.S. June 10, 2021). However, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that

---

[1] Decisions of the old Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

are clearly erroneous. *Id.* (quotations omitted). Additionally, we liberally construe *pro se* filings. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

## II.

District courts lack the inherent authority to modify a defendant's sentence and "may do so only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015). As relevant here, a district court may reduce a sentence for extraordinary and compelling reasons pursuant to § 3582(c)(1)(A). 18 U.S.C. § 3582(c)(1)(A)(i). In the context of compassionate release, the statute requires exhaustion of remedies and otherwise provides that:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . *after considering the factors set forth in [18 U.S.C.] section 3553(a)* to the extent that they are applicable, if it finds that—extraordinary and compelling reasons warrant such a reduction[.]

*Id.* (emphasis added). Notably, however, the exhaustion requirement is a claim-processing rule that may be waived by the government. *Harris*, 989 F.3d at 911. Additionally, the district court must consider the § 3553(a) factors and find that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

The policy statements applicable to § 3582(c)(1)(A) are found in § 1B1.13. U.S.S.G. § 1B1.13.  The commentary to § 1B1.13 states that extraordinary and compelling reasons exist under any of the circumstances listed, provided that the court determines that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), and that the reduction is consistent with the policy statement.  *See id.* § 1B1.13 & cmt. n.1.  For example, commentary to § 1B1.13 lists a defendant's medical condition, age, and family circumstances as possible "extraordinary and compelling reasons" warranting a sentence reduction.  *Id.* § 1B1.13 cmt. n.1(A)-(C).  The commentary also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if *"[a]s determined by the Director of the [BOP]*, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed.  *Id.* § 1B1.13 cmt. n.1(D) (emphasis added).

In *Bryant*, we held that these policy statements were applicable to motions filed under § 3582(c)(1)(A), including those filed by prisoners, and, thus, a district court could only reduce a sentence if a reduction was consistent with § 1B1.13's definition of "extraordinary and compelling reasons."  *Bryant*, 996 F.3d at 1262. We also held that "other reasons" were limited to those determined by the Federal Bureau of Prisons, not by the courts.  *Id.* at 1263.

Under § 3553(a)(2), a court must impose a sentence "sufficient, but not greater than necessary" to achieve its purposes. 18 U.S.C. § 3553(a). Specifically, sentences must reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct. *Id.* § 3553(a)(2). Additional considerations include the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentence disparities, and the need to provide restitution to any victims. *Id.* § 3553(a)(1)–(7).

In *Cook*, we held that a district court, in addition to determining whether a movant has offered extraordinary and compelling reasons and whether a reduction or release would be consistent with the policy statement found in § 1B1.13, must also consider "all applicable" § 3553(a) factors. 998 F.3d at 1183-84. Therefore, the record must indicate that the district court considered the applicable § 3553(a) factors in granting or denying a defendant's motion for compassionate release. *Id.* at 1184 (quotation marks and brackets omitted). Accordingly, a district court abuses its discretion when it decides a motion under § 3582(c)(1)(A)(i) without considering the applicable factors. *Id.*

5

Additionally, we note that although the district court need not exhaustively analyze every factor in its order, it must provide enough analysis for meaningful appellate review. *Id.* At a minimum, we must be able to understand from the record how the district court arrived at its conclusion, including what factors it relied upon. *Id.* at 1185. If we cannot discern whether a district court weighed the relevant factors, then we cannot determine whether the district court abused its discretion. Consequently, we must vacate and remand. *Id.* at 1184-85. However, if the district court references a court filing which discusses the factors, that reference may be sufficient to demonstrate that the court considered them. *See, e.g.*, *United States v. Eggersdorf*, 126 F.3d 1318, 1322-23 (11th Cir. 1997).

### III.

Here, the district court abused its discretion by denying Adams's motion for compassionate release without considering any applicable § 3553(a) factors. *See Cook*, 998 F.3d at 1184. Specifically, the district court only stated that Adams had not demonstrated extraordinary and compelling reasons before denying his motion without further analysis or explanation, and it also did not refer to the portion of the government's response addressing those factors. However, the district court was required to consider "all applicable" § 3553(a) factors in addition to determining whether Adams had offered extraordinary and compelling reasons and whether a reduction or release would have been consistent with the policy

6

statement found in § 1B1.13. *See Cook*, 998 F.3d at 1183-84. Therefore, remand is appropriate. *See id.* at 1185. Additionally, Adams's argument that the district court was not constrained by the policy statement in § 1B1.13 is presently foreclosed by *Bryant*. *See Bryant*, 996 F.3d at 1262-63.

Thus, because we conclude from the record that the government's position is correct as a matter of law, GRANT the government's motion for summary reversal and REMAND this case for further proceedings consistent with this opinion. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. We DENY the government's motion to stay the briefing schedule as moot.

REVERSED and REMANDED; Motion DENIED.